# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

FILED

FEB 19 2008

William B. Guthrie
Clerk, U.S. District Court

By_____
Deputy Clerk

RICKKE LEON GREEN, )
)
Petitioner, )
)
v. ) Case No. CIV 07-254-RAW-KEW
)
MARTY SIRMONS, Warden, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss or transfer petitioner's petition for a writ of habeas corpus [Docket #41 & #47]. Petitioner, an inmate currently incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, alleges a state district judge and the Oklahoma Court of Criminal Appeals (OCCA), have retaliated against him for his prior litigation by obstructing his filing of two post-conviction petitions in the state courts. He asks this court to "entertain and adjudicate on the merits" his two OCCA habeas corpus cases, Nos. HC-2007-563 and HC-2007-564. He alleges in the two state habeas corpus cases that Pittsburg County District Judge Bartheld has interfered with petitioner's filing of post-conviction applications in his prior criminal cases: (1) Oklahoma County District Court Case No. CRF-71-2308 for Robbery with a Firearm, AFCF, and (2) Pittsburg County District Court Case No. CRF-83-269 for Assault with a Dangerous Weapon. He apparently is contesting these 1971 and 1983 convictions, because they were introduced to enhance his sentence in Oklahoma County District Court Case No. 2004-2588 for Possession of Contraband in a Penal Institution.

The respondent has filed a motion to dismiss the petition for failure to state a claim, or, alternatively, to transfer the case to the United States District Court for the Western District of Oklahoma. A review of The Oklahoma State Courts Network (OSCN), http://www.oscn.net, indicates both Case No. HC-2007-563 and Case No. HC-2007-564 have been resolved by the OCCA. The appellate court declined jurisdiction on both cases on July 16, 2007, and on August 15, 2007, the OCCA denied petitioner's motions to stay enforcement of the Judgment. Therefore, the Court of Criminal Appeals ruled on both state habeas corpus cases before this federal action was filed on August 17, 2007.

The respondent alleges that, contrary to petitioner's claim that Judge Bartheld prevented him from filing his post-conviction application in Oklahoma County, the record shows the Oklahoma County District Court construed petitioner's petition for a writ of habeas corpus as an application for post-conviction relief. *State v. Green*, No. 04-2588, slip op. (Okla. County Dist. Ct. June 20, 2007) [Docket #42, Exhibit 3]. In addition, the OSCN indicates petitioner's habeas corpus petition was filed in the Pittsburg County District Court on August 2, 2007, as Case No. C-07-00865. Regardless of the alleged difficulties petitioner may have encountered in his post-conviction proceedings, "[f]ederal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. 209, 221 (1982) (citations omitted). Furthermore, the Tenth Circuit Court of Appeals has held that errors occurring in state post-conviction proceedings are not sufficient to raise a federally cognizable issue with regard to the underlying state criminal conviction. *Hopkinson v. Shillinger*, 866 F.2d 1185 (10th Cir. 1989), *reh'g granted on other grounds*, 888 F.2d 1286, 1218-20 (10th Cir. 1989).

2

Even if the state courts did not properly process petitioner's post-conviction application, his redress is not to have this court assume jurisdiction over those cases.

To the extent petitioner is attempting to challenge his 2004 Oklahoma County conviction, he has not shown that the post-conviction process has prevented him from filing a federal habeas corpus petition based on the OCCA's denial of his direct appeal. *See Green v. State*, No. F-2005-873 (Okla. Crim. App. Oct. 16, 2006). The court notes that the OCCA granted petitioner relief on his claim that the 1971 conviction should not have been used to enhance his sentence in CF-2004-2588. *Green*, No. F-2005-873, slip op. at 2. This error, however, was not found to have prejudiced petitioner or to have resulted in an excessive sentence. *Id.* Even if the state courts' handling of his post-conviction appeals has been fraudulent and conspiratorial, as alleged, he has provided no basis for his request for this court's intervention.

Petitioner also asks the court to take notice of an action he filed in the Tenth Circuit Court of Appeals, which he claims supports his claims in this action. The Tenth Circuit terminated that mandamus action on the merits and transferred the case to the Western District to handle in accordance with its usual procedures, including review to determine whether it was a second or successive petition under 28 U.S.C. § 2244(b). *In re Green*, No. 07-6182 (10th Cir. Aug. 22, 2007).

Finally, petitioner raises claims concerning motions and a state habeas corpus petition that are pending in the Pittsburg County District Court [Docket #28]. He claims the Pittsburg County District Court has failed to rule on the motions or to hold hearings on the issues presented. Again, petitioner makes only conclusory allegations that the federal court should

3

become involved in these state court matters. Federal judges may not require state court judges to observe any special procedures "except when necessary to assure compliance with the dictates of the Federal Constitution." *Harris v. Rivera*, 454 U.S. 339, 344-45 (1981). The court finds petitioner has failed to demonstrate a constitutional violation.

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus [Docket #41] is GRANTED, and this action is DISMISSED in its entirety. All other pending motions are DENIED as moot.

**IT IS SO ORDERED** this _____19th_____ day of February 2008.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**